UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE REDDICK,<br><br>                Plaintiff,<br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>                Defendant. | NO: 4:15-CV-5114-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    Before the Court is Defendant Department of Energy's (DOE's) motion for reconsideration, ECF No. 28, of the Court's January 23, 2017, order granting in part and denying in part DOE's summary judgment motion relating to the agency's withholding of documents requested by Plaintiff Julie Reddick under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff, who represents herself in this matter, opposes Defendant's motion.  Having reviewed Defendant's motion and attachments, Plaintiff's response and attachments, the parties' remarks at the February 10, 2017, bench trial scheduling conference, the remaining record, and the relevant law, the Court is fully informed.  This Order memorializes the Court's oral rulings at the conference.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

1    This matter concerns FOIA requests by Plaintiff, an employee of DOE, for
2    two reports produced in relation to concerns that she submitted to the agency's
3    Employee Concerns Program.  The Court determined that one of the reports
4    qualified as a matter of law for protection under FOIA's Exemption 5 deliberative
5    process privilege, but a question of fact remained as to whether the other report,
6    the "Van der Puy report," should be protected under the same exemption.  *See* ECF
7    No. 26.  Defendant's motion for reconsideration offers additional evidence to
8    support that the Van der Puy report should be protected from FOIA disclosure as a
9    matter of law.

10    Although not explicitly provided for in rule, a motion for reconsideration
11    generally is considered "appropriate if the district court (1) is presented with newly
12    discovered evidence, (2) committed clear error or the initial decision was
13    manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch.*
14    *Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "[A] motion for
15    reconsideration should not be granted, absent highly unusual circumstances."  *389*
16    *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  A party must set
17    forth facts or law "of a strongly convincing nature to induce the court to reverse its
18    prior decision."  *Ito v. Brighton/Shaw, Inc.,* No. 06 CV 01135 AWI DLB, 2008
19    U.S. Dist. LEXIS 120317, *5 (E.D. Cal. June 3, 2008) (citing *Kern-Tulare Water*
20    *Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on*
21    *other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988)).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

A motion for reconsideration of a summary judgment order based on newly discovered evidence "is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier" in the litigation. *Smith v. San Francisco Unified School Dist.*, No. C 03-3715 PJH, 2006 U.S. Dist. LEXIS 94463, 2006 WL 3798139, (N.D. Cal. Dec. 22, 2006) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006)).  In addition, the party seeking to introduce new evidence must show that they exercised "due diligence" to discover the evidence and demonstrate how the newly discovered evidence "is of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (1987).  Defendant's motion focuses on the last consideration, whether the evidence would have changed the disposition of the summary judgment motion, while neglecting to address how the evidence is newly discovered and whether Defendant exercised "due diligence" in bringing it to the Court's attention.

Motions to reconsider should not enable a party to take a "wait and see" approach and then take an extra bite at the apple. *See Ito*, 2008 U.S. Dist. LEXIS 120317 at *8.  Here, DOE waited for the Court to issue its order to bring the information to the Court's attention, despite having had the documents and information in its possession since October 2016.  Moreover, DOE provided no

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

explanation for the delay in providing these documents.  The appropriate forum for DOE to offer these documents for the Court's consideration is at the bench trial.

***Redactions***

DOE requests, in the alternative to their motion for reconsideration, permission to redact personal identifying information of the individuals who participated in the investigation of Ms. Reddick's employee concerns from the Van der Puy report.  The Court finds that DOE has waived FOIA Exemption 6 by not asserting that Exemption 6 protected the Van der Puy report from disclosure in its original FOIA determinations.  In addition, the Court notes that the Van der Puy report will be produced to Plaintiff subject to a protective order.

Accordingly, **IT IS SO ORDERED**:

1. Defendant's motion for reconsideration, **ECF No. 28**, is **DENIED**.

2. Defendant's request to redact the Van der Puy report prior to disclosing the report to Ms. Reddick is **DENIED.**

3. The bench trial scheduling order, including the timeframe for entering the protective order that will apply to the Van der Puy report, will be issued separately.

The District Court Clerk is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** February 10, 2017.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4