UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE REDDICK,<br><br>                    Plaintiff,<br><br>      v.<br><br>UNITED STATES<br>DEPARTMENT OF ENERGY,<br><br>                    Defendant. | NO:  4:15-CV-5114-RMP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS |

Before the Court is Defendant Department of Energy's (DOE's) motion to dismiss this Freedom of Information Act ("FOIA") action as moot, ECF No. 42. Plaintiff Julie Reddick, representing herself, opposes the motion. Having reviewed the parties' briefing, the remaining record, and the relevant authority, the Court is fully informed and concludes that dismissal is appropriate.

### *Background*

Plaintiff's complaint seeks relief in the form of access to the requested documents, an expedited proceeding pursuant to 28 U.S.C. § 1657, Plaintiff's litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and "such other and further

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS~ 1

1 relief as may deem just and proper." ECF No. 1 at 9-10.  In an order issued on

2 January 23, 2017, the Court granted in part and denied in part DOE's summary

3 judgment motion relating to the agency's withholding of two reports requested by

4 Ms. Reddick, ECF No. 26.  The Court determined that one of the reports qualified

5 for protection under FOIA's Exemption 5 deliberative process privilege, but a

6 question of fact persisted as to whether the other report, the "Van der Puy report,"

7 should be protected under the same exemption. *See* ECF No. 26.  Therefore, the

8 Court set a bench trial for May 10, 2017, and entered a protective order to enable the

9 Van der Puy report to be released, unredacted, to Ms. Reddick in preparation for

10 trial.  ECF Nos. 32 at 4; 35 at 1.

11    DOE argues that dismissal is appropriate because no issues remain to be

12 determined at the bench trial, rendering the case moot.  DOE asserts that it has

13 provided Ms. Reddick a copy of the Van der Puy report without redactions and with

14 "confidential" markings removed.  DOE also asserts that it received a verified bill of

15 costs for $514.27 from Plaintiff demonstrating the expenses that she incurred in

16 litigating this matter *pro se*, and agrees to pay those costs within 30 days of an order

17 of dismissal from the Court, "in full satisfaction of any and all claims by Plaintiff for

18 her costs, expenses and fees associated with Plaintiff's FOIA claims in this case."

19 ECF No. 42 at 3; *see also* ECF No. 42-1 (Plaintiff's Bill of Costs and accompanying

20 documentation).  DOE further requests that the Court lift the protective order that

21 was entered to prevent dissemination of the Van der Puy report beyond what was

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS~ 2

necessary for trial preparation. Ms. Reddick opposes dismissal, arguing that the case is not moot because she still seeks a finding by the Court that withholding of the Van der Puy report by DOE was arbitrary and capricious.

*Relevant Law*

**Jurisdiction**

The FOIA statute provides for federal district court jurisdiction to enjoin an agency from withholding agency records and to order an agency to produce records that have been improperly withheld. 5 U.S.C. §552(a)(4)(B). A federal court can grant relief to a plaintiff only upon a showing that the agency in question has "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).

**FOIA Provisions for Assessing Costs and Penalties**

The FOIA statute authorizes an award of "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff may substantially prevail through a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial," or, alternatively, through a judicial determination in her favor. 5 U.S.C. § 552(a)(4)(E)(ii).

FOIA further provides:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS~ 3

> United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

5 U.S.C. § 552(a)(4)(F). As this provision sets out, the court's role is not to find that a FOIA defendant acted arbitrarily or capriciously; rather, the court may find that "circumstances surrounding the withholding *raise questions* whether agency *personnel* acted arbitrarily or capriciously." 5 U.S.C. § 552(a)(4)(F) (emphasis added). In addition, three conditions must be present before it is appropriate for Special Counsel to take over the matter of determining whether agency personnel acted arbitrarily or capriciously. A court must have found that a record was improperly withheld. In conjunction with that finding, the court must have assessed against the United States attorney fees and litigation costs. Finally, a court must separately find that the factual context of the withholding raises a question about whether the personnel responsible for the withholding acted arbitrarily and capriciously.

**Mootness**

Several Ninth Circuit decisions recognize that a FOIA dispute becomes moot after the requested document is released to the requesting party. *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) ([P]roduction of all nonexempt material, 'however belatedly,' moots FOIA claims.") (quoting *Perry v. Block*, 684 F.2d 121,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS~ 4

125 (D.C. Cir. 1982))*; accord Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 682, 689 (9th Cir. 2012), *overruled in other part by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989-90 (9th Cir. 2016)*; Carter v. Veterans Admin.*, 780 F.2d 1479, 1482 (9th Cir. 1986). A FOIA plaintiff who has received the record sought, without restrictions on its use or dissemination, "is no longer suffering or threatened with 'an actual injury traceable to the defendant' that is 'likely to be redressed by a favorable judicial decision.'" *Yonemoto*, 686 F.3d at 689 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

### *Discussion*

After resolution of the parties' summary judgment motions, the Court scheduled a bench trial to determine whether DOE properly withheld the Van der Puy report pursuant to FOIA's Exemption 5, the deliberative process privilege. Plaintiff contends that, even with the belated production of the Van der Puy report, the Court should hold open this case to decide at trial whether the circumstances surrounding DOE's withholding of the Van der Puy report raise questions about whether agency personnel acted arbitrarily and capriciously.

Two conditions would need to be satisfied before the Court would reach the issue of whether to refer the arbitrary and capricious action question to Special Counsel. Specifically, the Court would have to find, at the conclusion of the bench trial, that disclosure of the Van der Puy report would be ordered and that litigation costs would be awarded. However, in this case there is no withholding left for the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS~ 5

1  Court to find improper, and no further costs for the Court to order DOE to pay.

2  Therefore, there is no possibility that the Court could reach the step of determining

3  whether circumstances raise questions of arbitrary and capricious behavior.

4      After a protracted process within the agency and before this Court, DOE has

5  provided an unredacted copy of the Van der Puy report to Ms. Reddick and seeks to

6  lift the protective order to eliminate restrictions on further use or dissemination of

7  the document.  Such action resolves the outstanding question of whether DOE has

8  fully complied with FOIA's production requirements, which was to be addressed at

9  the bench trial.  DOE also agrees to pay Ms. Reddick's litigation costs.  These two

10  steps encompass all of the relief that Ms. Reddick sought in her complaint.  *See* ECF

11  No. 1.  There is no further effective relief that this Court can offer Plaintiff, and the

12  matter is moot.  *See Yonemoto*, 686 F.3d at 689.

13      Accordingly, **IT IS ORDERED** that:

14      1. Defendant's Motion to Dismiss, **ECF No. 42**, is **GRANTED**.  This matter

15         is **DISMISSED WITH PREJUDICE**.

16      2. Plaintiff's pending Motion to Seal, **ECF No. 38**, is **DENIED AS MOOT**.

17      3. The Protective Order entered at **ECF No. 35**, is **VACATED**.

18      4. The bench trial set for May 10, 2017, is **VACATED**.

19      5. Judgment shall be entered for Plaintiff for her costs, pursuant to 5 U.S.C. §

20         552(a)(4)(E).

21

6. Within 30 calendar days of this order, DOE shall pay Plaintiff's litigation costs in the amount of $514.27.  Defendant shall notify the Court in writing upon payment.

The District Court Clerk is directed to enter this Order, provide copies to Ms. Reddick and to counsel, and **close this case**.

**DATED** April 5, 2017.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                   United States District Judge